# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**V.**                                    **Criminal Action No: 1:09CR57**

**JOVAN JAMES,**
           **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant Jovan James' Motion for Relief from Prejudicial Joinder filed on June 26, 2009 [Docket Entry 28]. The matter was referred to the undersigned by United States District Judge Irene M. Keeley on June 30, 2009 [Docket Entry 30]. Upon review of the motion, the undersigned finds the issue requires a legal conclusion and there are no factual issues to decide. Therefore, the undersigned decides the matter without hearing.

## I. Procedural History

A grand jury attending the United States District Court for the Northern District of West Virginia returned a two-count indictment against Defendant along with Marcus A. Martin, Herbert Robinson, and Lance E. Applewhite on May 5, 2009. Said indictment charges all four defendants, "aided and abetted by each other and by another person known to the grand jury, at a place within the special maritime and territorial jurisdiction of the United States, namely the United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, [] assault[ed] the person known to the Grand Jury as J.S., with a dangerous weapon, with intent to do bodily harm to J.S., without just cause and excuse; in violation of Title 18, U.S.C. sections 113(a)(3), and 2 (Count One); and, aided and abetted by each other and by another person known to the grand jury , at a place within the special maritime and territorial jurisdiction of the United

States, namely the United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, [] assault[ed] the person known to the Grand Jury as T.H., with a dangerous weapon, with intent to do bodily harm to T.H., without just cause and excuse; in violation of Title 18, U.S.C. sections 113(a)(3) and 2.

In his Motion, Defendant James moves the Court for a trial separate from the other three defendants in this case.

## II. Facts as stated in Defendant's Memorandum

The facts precisely as stated by Defendant James in his motion are as follows:

> The defendant is charged in a two count indictment stemming from an alleged inmate on inmate assault which occurred in USP Hazelton on September 14, 2008. The defendant is one of four individuals charged with aiding and abetting each other and/or others in the assault. A review of the discovery provided as of the date of this filing indicates that the defendant is the first person to enter the cell in which the assault is alleged to have occurred. The evidence indicates that other co-defendants enter the cell and escort the alleged victims to the cell. No evidence has been disclosed that sets forth what action the defendant took after entering the cell that would serve as a basis for him aiding and abetting in an assault. It is clear he does not escort either of the alleged victims to the cell, nor does he serve as a "lookout" as other defendants are alleged to have done. Additionally the defendant is not seen attempting to hold the door to the cell closed as other defendants are seen doing.
>
> The defendant understands that there may be more discovery forthcoming as to his supposed involvement. However based on current disclosures he submits that the evidence against him is much less than that of his co-defendants and that therefore a joint trial would be unfairly prejudicial to him.

## III. Discussion

Under Federal Rule of Criminal Procedure 8(b), "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Here it is indisputable that all four defendants are alleged to have participated in the same act or transaction or series of acts or

transactions constituting both counts of this case. The undersigned therefore finds all four defendants are properly joined. Assuming proper joinder, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." U.S. v. Brugman, 655 F.2d 540 (4th Cir. 1981). Indeed, unless a "miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. Richardson v. Marsh, 481 U.S. 200 (1987); U.S. v. Samuels, 970 F.2d 1312 (4th Cir. 1992); U.S. v. Rusher, 966 F.2d 868 (4th Cir. 1992).

The Fourth Circuit generally adheres to the rule that defendants charged with participation in the same offense are to be tried jointly. United States v. Roberts, 881 F.2d 95, 102 (4th Cir. 1989). A defendant is not entitled to severance merely because a separate trial would more likely result in acquittal. United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228, 112 S. Ct. 3051, 120 L.Ed.2d 917 (1992). It is therefore the defendant's burden to prove or show prejudice. Fed. R. Crim. P. 14. Severance is only required under Rule 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. " Zafiro, 506 U.S. at 539. Accord Harris, 498 F.3d at 291-292; and U.S. v. Najjar, 300 F.3d 466 (4th cir), cert. denied, 537 U.S. 1094 (2002).

Defendant James' sole argument is that "given the large discrepancy in likely evidence against him as opposed to his co-defendants, the jury in a joint trial may convict him simply on his association with or proximity to, the others named in the indictment." (Defendant's Memorandum at 3).

No right to severance arises because the evidence against one or more defendants is stronger, or more inflammatory, than the evidence against other defendants. See, e.g., Harris, 498 F.3d at

3

291-92. The Fourth Circuit has also held "speculative allegations" insufficient to require severance. U.S. v. Becker, 585 F.2nd 703 (4th Cir. 1978)("Speculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance.") In U.S. v. Smith, 44 F.3d 1259 (4th Cir. 1995), the Fourth Circuit rejected even the mirror image of the "stronger evidence against my co-defendant" argument. Specifically, the Court upheld a single trial for the most culpable co-defendant and co-defendants who persistently portrayed themselves as his victims, that is, as being "misled or hooked" by their co-defendant into joining the criminal scheme.

Rather than the more radical remedy of severance, requiring multiple trials of the same offense or offenses, the courts have long favored limiting instructions to the jury. See, e.g., Harris, 498 F.3d at 291; Najjar, 300 F.3d at 475. Decisions to deny motions to sever are reviewed for abuse of discretion, and factual findings made in connection with those claims for clear error. United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228 (1992).

The undersigned finds James' argument that "the evidence against him is much less than that of his co-defendants and that therefore a joint trial would be unfairly prejudicial to him" does not meet his burden of showing "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. " Zafiro, 506 U.S. at 539. Accord Harris, 498 F.3d at 291-292; and U.S. v. Najjar, 300 F.3d 466 (4th Cir.), cert. denied, 537 U.S. 1094 (2002).

This being the only pre-trial motion filed by Defendant before the undersigned, and prior to the deadline for filing pretrial motions, the hearing scheduled for Thursday, July 9, 2009, at 10:30 a.m. is **CANCELLED**.

## IV.  Recommendation

For the reasons herein stated, the undersigned United States Magistrate Judge respectfully recommends Defendants James' Motion for Relief from Prejudicial Joinder [Docket Entry 28] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2nd day of July, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE