IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.  Criminal No. 1:09CR57
  (Judge Keeley)

**JOVAN JAMES,**
  Defendant.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND DENYING DEFENDANT'S
MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

**I. INTRODUCTION**

On May 5, 2009, a grand jury attending the United States District Court for the Northern District of West Virginia returned a two-count indictment against the defendant, Jovan James ("James"), together with co-defendants, Marcus A. Martin, Herbert Robinson, and Lance E. Applewhite. All four defendants were charged with two counts of aiding and abetting in an assault with a dangerous weapon, with intent to do bodily harm without just cause.

Through counsel, James submitted a Motion for Relief From Prejudicial Joinder, pursuant to Fed.R.Crim.P. 14(a). (Dkt. no. 28). In support of his motion, James contends that his prosecution should be severed from that of his co-defendants because it would unfairly prejudice him to be tried with them. He also argues that severance is appropriate because "the evidence against him [was]

**UNITED STATES V. JAMES**                                         1:09CR57

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING DEFENDANT'S
MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

much less than that of his co-defendants." Defendant's Memorandum in Support of Motion for Relief from Prejudicial Joinder, at p. 2 (Dkt no. 28).

## II. Magistrate Judge's Report and Recommendation

In his Report and Recommendation, Magistrate Judge Kaull concluded that the four defendants indicted on May 5, 2009 were properly joined and should be tried together. He reasoned that joinder was proper under Fed.R.Crim.P. 8 because it is "indisputable that all four defendants are alleged to have participated in the same act or transaction or series of acts or transactions constituting both counts of this case."

In his R&R, Magistrate Judge Kaull stated that the well-settled law in the Fourth Circuit is that, "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540 (4th Cir. 1981). He noted that, in the Fourth Circuit, defendants charged with participating in the same offense are generally tried together. He also further observed that, under Fourth Circuit precedent, the mere fact that a severance would increase a defendant's chances of acquittal does not entitle him to severance; moreover, a defendant

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING DEFENDANT'S
MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

bears the burden of proving or showing that prejudice will result from a court's failure to grant a severance.

Under Supreme Court precedent, severance is required only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).  In this regard, Magistrate Judge Kaull observed that a defendant such as James is not entitled to severance on the ground that the evidence is stronger against one or more of his co-defendants than it is against him, and  concluded that James had not sufficiently demonstrated that a failure to sever his prosecution would present a serious risk that one of his specific  trial rights would be compromised or that the jury would be prevented from reliably judging his guilt or innocence.  He therefore denied Defendant's Motion for Relief from Prejudicial Joinder.  (Dkt no. 28).

### III. ANALYSIS

In his objections to the recommendation to deny his Motion for Relief from Prejudicial Joinder,[1] James argues that the evidence

---

[1]  The court shall make a <u>de</u> <u>novo</u> determination of <u>those portions</u> of the report or <u>specified proposed findings or recommendations to which objection is made</u>.") (emphasis added); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); see

**UNITED STATES V. JAMES**                                              **1:09CR57**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING DEFENDANT'S
MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

against his co-defendants is more incriminating than it is against him, and that he therefore would be denied a fair trial if tried alongside them. James also contends that he will be unable to receive a fair trial without severance because his association with the other three co-defendants, coupled with the weak nature of the evidence against him, will prevent the jury "from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993) (quoted by Defendant's Objections to Report and Recommendations, at p. 1 (Dkt. no. 34)).

Under governing Fourth Circuit precedent, James's contention has no merit. It is clear that "[t]he fact that the evidence against one defendant is stronger than the evidence against other defendants does not in itself justify severance." United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228 (1992). Furthermore, as already noted, Magistrate Judge Kaull correctly pointed out in his R&R that "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540.

---

also United States v. 2121 E.30th St., 73 F.3d 1057, 1060 (10th Cir. 1996) (noting that circuit courts have uniformly held that the failure to file specific objections waives appellate review of factual and legal questions).

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING DEFENDANT'S
MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

In most instances, the type of prejudice justifying an order to sever defendants' trials will occur only in "special circumstances," which are not present here. United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). One reason why severance is not often granted is because any prejudice a defendant may suffer from being tried alongside other persons can be eliminated or reduced by the district court taking "less drastic measures, such as limiting instructions." Zafiro, 506 U.S. at 539 (citing Richardson v. Marsh, 481 U.S. 200, 209 (1987)).

An evaluation of the potential for and severity of prejudice attendant to the prosecution of two or more persons in a single trial for offenses arising from a single transaction is made according to the district court's discretion. Id. Here, the Court adopts Magistrate Judge Kaull's recommendations and concludes that James has not sufficiently demonstrated that he will suffer prejudice severe enough to warrant severance.

## IV. CONCLUSION

For the reasons stated, the Court **ADOPTS** the Magistrate Judge's recommendation, **DENIES** the Defendant's Objections to Report and Recommendations of the Magistrate Judge, **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, and, pursuant to

**UNITED STATES V. JAMES**                                          **1:09CR57**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING DEFENDANT'S
MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

Fed.R.Crim.P. 14(a), **DENIES** Defendant's Motion for Relief from Prejudicial Joinder (dkt no. 28).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: September 16, 2009.

>                          /s/ Irene M. Keeley
>                          IRENE M. KEELEY
>                          UNITED STATES DISTRICT JUDGE